UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY JACHIN WINKELMAN, | No. 2:16-cv-01126-AC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Ray Jachin Winkelman commenced this social security action May 25, 2016. ECF Nos. 1-3.[1] On March 5, 2018, the court granted plaintiff's motion for summary judgment in part, denied the Commissioner's cross-motion for summary judgment, remanded the case for further proceedings, and entered judgment for plaintiff. ECF Nos. 27, 28. Presently pending before the court is plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 29. The Commissioner filed an opposition to plaintiff's motion. ECF No. 32. After considering the parties' briefing and the applicable law, the court grants plaintiff's motion for EAJA fees; however, a small reduction in plaintiff's claim of fees is necessary.

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 8.

1

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02 (1993). Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[2]

---

[2] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on March 5, 2018. (ECF No. 28.) The judgment became a non-appealable "final judgment" 60 days later on May 4, 2018. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity). Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after the "final judgment," i.e., by June 3, 2018. Plaintiff's June 3, 2018 application is therefore timely.

Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the EAJA, because the position of the Commissioner was substantially justified. ECF No. 32 at 2-6. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'"). The Commissioner argues in the alternative that plaintiff's requested fees are not reasonable and require reduction. Id. at 6-12.

### A. The Commissioner Was Not Substantially Justified

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Gutierrez, 274 F.3d at 1259.

The Commissioner's argument that its position in this case was substantially justified is unpersuasive. As discussed in detail in the court's prior order,[3] the ALJ improperly failed to account for plaintiff's postural limitations, and failed to properly weigh and provide consideration for two treating physicians. ECF No. 27 at 10. Although the Commissioner attempts to demonstrate substantial justification by showing how the ALJ had reason to discount the treating physicians' evaluations, the Commissioner fails to address the main problems with the ALJ's analysis. ECF No. 32 at 5-6. Specifically, the ALJ failed to articulate the weight given to treating physician Dr. Richard Cross and selectively cited from his notes in order to discount him.

---

[3] The court does not repeat its analysis of the substantive issues here, but instead refers the parties to its March 5, 2018 order. (See ECF No. 27.)

3

ECF No. 27 at 9-10. As to treating physician Shahid Ali, the Commissioner's arguments regarding other evidence in the record on plaintiff's postural limitations do not negate the fact that the ALJ gave "significant weight" to Dr. Ali's opinion while ignoring, without explanation, the significant postural limitations contained in that opinion. ECF No. 27 at 10. It was the ALJ's obligation to fairly weigh Dr. Ali's opinion on the postural limitation with the other evidence the Commissioner relies on; the existence of the other evidence does not render the Commissioner substantially justified. In sum, the Commissioner's position during the administrative proceedings, and its defense of that position in the litigation before this court, were not substantially justified.

To be sure, there are several ambiguities and inconsistencies in the record evidence with respect to the opinions of Drs. Cross and Ali, and for that reason, the court declined to remand the case for payment of benefits. Indeed, the court expressed no opinion regarding how the evidence should ultimately be weighed within the confines of the applicable regulations and case law. However, it is the ALJ's duty in the first instance to set forth sufficient reasons for the weight given to pertinent evidence (and of course, to identify the weight given to pertinent evidence), which in turn permits the court to review whether the ALJ's findings are supported by substantial evidence in the record as a whole. Because the ALJ failed to discharge that duty, remand was warranted.

Having concluded that the Commissioner's position was not substantially justified, the court must turn to whether there are other special circumstances that would make an award of EAJA fees unjust.

B. Plaintiffs' Requested Fee is Largely Reasonable But Requires Some Reduction

Plaintiff makes a total fee requests of $13,868.45, accounting for 95.40 billed hours and $70.18 in expenses; the court finds this request in need of minor adjustment. ECF 29-2. The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for increases in the cost of living. See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001). The cost of living adjustment to the statutory cap is computed by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. Id. at 1148-49; see also Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005).[4] The national, rather than local, change in cost of living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

The Commissioner does not oppose plaintiff's requested rate, but does oppose the requested hours as unreasonable because: (1) the court remanded on only one of five points raised by the plaintiff; (2) counsel cannot recover fees for administrative tasks; (3) counsel billed for review of records after his motion for summary judgment was submitted; (4) plaintiff's fees for drafting his motion for EAJA fees are excessive where he used a boilerplate motion; and (5) plaintiff's legal research expenses are duplicative of hours spent drafting his motion for summary judgment. ECF No. 26 at 7. The court addresses each point in turn.

First, the Commissioner does not dispute that plaintiff is the prevailing party within the meaning of the Act and is therefore entitled to the opportunity to recover reasonable EAJA fees. The Commissioner cites no case law to support the proposition that EAJA fees should only be awarded for particular claims prevailed on when the court has adjudicated all claims. As the commissioner acknowledges, "it is difficult to sever the attorney hours based on the issues" and the court declines to engage in such an exercise. ECF No. 32 at 8.

////

---

[4] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are within the statutory maximum rate established by the Ninth Circuit.

The Commissioner's reliance on Hardisty v. Astrue, which held that "[n]othing in [the EAJA] provisions extends fee-shifting to issues *not adjudicated,*" is misplaced. 592 F.3d 1072, 1077 (9th Cir. 2010) (emphasis added). In Hardisty, the Ninth Circuit addressed a case in which the district court remanded on particular grounds, left other challenges entirely unaddressed, and in the subsequent fees order found the Commissioner substantially justified in its litigation regarding the issues upon which the court remanded. Id. The Hardisty plaintiff challenged the denial of EAJA fees arguing, in part, that the Commissioner was not substantially justified with respect to the claims the district court did not address, and fees to the prevailing party were warranted on those grounds. Id. The Ninth Circuit noted that the EAJA was silent as to awarding fees for issues not addressed by the court, and refused to extend the availability of fees; the Circuit Court was concerned in part with creating a complex second litigation on attorney's fees by forcing the lower court to engage in a merits analysis of claims it did not address in the first instance to determine whether the Commissioner's position was substantially justified. Id. at 1078. The same situation is not presented here: the undersigned finds the Commissioner *not* substantially justified on the challenge that required reversal. Fees are appropriate, and nothing in Hardisty indicates that the court must – or should – parse through counsel's billing record to determine which hours were spent on which claim when some but not all claims were successful. The court will not reduce counsel's fee request on this basis.

As to the Commissioner's second point, while it is true that counsel cannot recover EAJA fees for certain purely clerical tasks, an independent review of plaintiff's billing records reveals no reduction is warranted on this basis. Purely clerical tasks are not compensable at regular hourly rates as attorney/paralegal fees under EAJA fee shifting; "[w]hen clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009). The hours the Commissioner seeks to have stricken as clerical, however, are not in line with the description of "clerical" work presented in Nadarajah. The Commissioner asks the court strike time for reviewing documents prior to filing the complaint, time spent preparing filing forms, and time for reviewing "non-merits documents" such as designations of counsel and the calendar. ECF No. 32 at 10. In Nadarajah,

hours stricken include time for preparing a cover letter for the return of a cashier's check, time spent tracking a package, and time assembling and organizing documents. Nadarajah, 569 F.3d at 921. The undersigned finds counsel's billed hours not clerical for the purposes of EAJA fee recovery.

The Commissioner's third point is more persuasive; the court can think of no reason that plaintiff should be able to recover fees for reviewing new evidence after the close of pleadings in this case. ECF No. 32 at 11. Plaintiff's summary judgment motion was filed June 14, 2017 (ECF No. 20) and plaintiff's reply brief, had he chosen to file one, would have been due 21 days after the Commissioner filed a cross-motion on August 30, 2017 (ECF No. 23) – no later than September 20, 2017. The bills for the September 18, 2017 and September 20, 2017, amounting to .7 hours billed, occurred too late to properly be considered part of plaintiff's counsel's work on the merits of this case. ECF No. 29-2 at 5. This belated document review is not a basis for EAJA fee recovery and a reduction of .7 hours, amounting to a total reduction of $91.00 (.7 x $130.00) is appropriate.

The Commissioner's fourth point, that plaintiff's time billed for preparing his EAJA motion should be reduced from 1 hour to .5 hours, is not persuasive. One hour is an acceptable amount of time to prepare an EAJA petition. See Reyna v. Astrue, No. 1:09-CV-00719-SMS, 2011 WL 6100609, at *4 (E.D. Cal. Dec. 6, 2011). The court declines the Commissioner's invitation to assume that counsel inflated the amount of time spent on preparing his EAJA motion in light of the fact that it contains language similar to motions plaintiff's counsel has drafted. ECF No. 32 at 11-12. Without any actual evidence to the contrary, the court will not assume counsel is making misrepresentations to the court in his billing.

Finally, the court declines to reduce plaintiff's requested costs for conducing legal research. ECF No. 32 at 12. Plaintiff's counsel requests costs associated with online research (ECF No.29-2 at 6), which the Commissioner argues are duplicative of plaintiff's billing for hours spent drafting his motion for summary judgment. ECF No. 32 at 12. This argument is not persuasive; costs associated with conducting legal research are not duplicative of hours spent drafting motions. No fee reduction will be made on this basis.

| | |
|---|---|
| 1 | Based on the foregoing, the court will award plaintiff EAJA fees and costs in the reduced |
| 2 | amount of $13,777.45 ($13,868.45– 91.00 = 13,777.45). The court notes that plaintiff has |
| 3 | executed an assignment of EAJA fees to plaintiff's counsel. ECF No. 29-3. However, the EAJA |
| 4 | award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliffe, 130 S. |
| 5 | Ct. 2521 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal |
| 6 | debt that qualifies for offset, payment may be made in the name of plaintiff's attorney. |
| 7 | Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that: |
| 8 | 1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 29) is GRANTED; |
| 9 | and |
| 10 | 2. Plaintiff is awarded attorneys' fees in the reduced amount of $13,777.45 pursuant to |
| 11 | the EAJA. If the government determines that plaintiff does not owe a federal debt that |
| 12 | qualifies for offset, payment may be made in the name of plaintiff's attorney. |
| 13 | IT IS SO ORDERED. |
| 14 | DATED: July 20, 2018 |

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE